## Western Electric Co. v. W. F. Parish.

1. JUDGMENTS—*Power of Appellate Court to Reverse.*—The Appellate Court has the power to reverse a judgment based upon the verdict of a jury where the verdict is manifestly against the weight of the evidence, but it is a power which must be sparingly exercised.

2. VERDICTS—*Not to be Disturbed, When.*—A verdict, sanctioned by the trial judge, who heard and saw the witnesses, and had many other opportunities of testing the weight their testimony was properly entitled to, should not be disturbed except upon satisfactory evidence that injustice has been done.

3. PRACTICE—*Abstract Must Contain Matter Urged as Error.*—Parties who wish to reverse judgments must present in their abstracts what it is they rely upon as constituting error.

4. HARMLESS ERROR.—In an instruction given for the defendant, the use of the words "scrap iron," as indicating the condition of an engine, is erroneous; but as the jury were told that they should give credit for the actual value of the engine, and as the only evidence in the case as to its value was to the effect that it was worth fifty dollars, the error is harmless.

**Assumpsit**, upon the common counts and a written guaranty. Trial in the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed June 9, 1899.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

GILBERT & GILBERT, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The declaration in assumpsit, by the appellant as plaintiff, against the appellee as defendant, consisted, beside the common counts, of special counts upon a written guaranty by the appellee to the appellant of the payment of all bal-

ances up to a stated amount, which might become due to appellant from the W. F. Parish Machinery Company in the course of dealing between appellant and said machinery company.

The claim of appellant was for the balance of $247.50, claimed to be due from the machinery company upon an account rendered. The defense was that appellant had failed and refused to give credit for $260, the price of an engine which the machinery company had furnished for the Kimbark building under a contract therefor with appellant.

The refusal by appellant to allow such credit was sought to be justified upon the ground that the engine in question, though furnished, did not fulfill the guaranty given by the machinery company as to its manner of working, etc., and that it was, after a three months' trial, taken out of the building by the machinery company and appropriated to its own use, and thereby the appellant was precluded from getting its pay from the owners of the building for which the engine was furnished.

The reply of appellee was that the engine did its work well enough, and that though it was taken out by the machinery company, it was so done because it had been broken and rendered practically useless through the carelessness of those who had it in charge, and a new one was required in its place.

There were some other questions of fact of minor importance which we do not need to speak particularly of, as we regard those we have mentioned as being of controlling effect.

We agree with counsel for appellant, that this court has the power to reverse a judgment based upon the verdict of a jury where the verdict is manifestly against the weight of the evidence, but it is a power which must be sparingly exercised. A verdict, sanctioned by the trial judge, who heard and saw the witnesses and had many other opportunities of testing the weight their testimony was properly entitled to, which a reviewing court does not possess, should not be disturbed except upon satisfactory evidence that injustice

has been done. The abstract of the testimony of one of the witnesses refers to certain accounts rendered to the appellant by the machinery company, in which appellant is charged with the contract price for the engine, and a credit thereon is proved nearly balancing the account, from which the jury, in connection with other evidence, may have been justified in finding that the appellant had accepted the engine.

The probabilities are that somebody has suffered the loss of the value of the engine in question; it was proved to be worth not over fifty dollars at the time it was removed. If we could say from the evidence before us that the judgment had worked a clear injustice in putting such loss upon the appellant, we would reverse it; but after a careful consideration of all the evidence disclosed by the abstract, we are unable so to say.

The contention that the court erred in admitting certain printed and written papers may be disposed of, by once more calling attention to the well settled rule that parties who wish to reverse judgments must present in their abstract of record what it is they rely upon as constituting error. The abstract does not show either or any part of the documents which it is claimed were erroneously admitted in evidence.

It is urged that it was error by the trial court to refuse to instruct the jury in behalf of appellant, that if the machinery company made no objections to certain items of the account which formed the basis for a suit, then the jury should find the account to be correct as to such items, in the absence of proof of fraud or mistake.

There is no evidence that the account was ever presented to the machinery company but once, nor that payment of it was ever demanded except by the beginning of the suit. A party to whom an account is presented and payment requested, is entitled to a reasonable time afterward to examine the account before the rule attempted to be stated in the refused instruction becomes applicable.

The argued error in connection with the last clause of

the instruction given for the appellee, wherein the words "scrap iron" are used as indicating the condition of the engine when removed, is technically well founded; but inasmuch as the jury were told that they should give credit for the actual value of the engine as it was when taken out, and as the only evidence in the case as to its then value was to the effect that it was worth fifty dollars, it is hardly possible any harm was done.

We do not discover any reversible error in the record, and the judgment of the Superior Court will be affirmed.